UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ROBERT HARRIS,<br><br>Defendant. | Case No. 1:21-CR-00024-BLW<br><br>**REPORT AND RECOMMENDATION** |

On September 16, 2021, Defendant BRIAN ROBERT HARRIS appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 35.) The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 15), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (A) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant was arrested on November 20, 2020, pursuant to an arrest warrant. (Dkt. 5.) Defendant had his initial appearance on the Criminal Complaint before Magistrate Judge Ronald E. Bush on November 20, 2020. (Dkt. 6.) The Government moved for detention. Following a detention hearing, Magistrate Judge Bush denied the motion for detention and entered an order setting conditions of release, on November 23, 2020. (Dkt. 6, 9, 11.)

An Indictment was returned on February 11, 2021, and Defendant had an initial appearance and arraignment on the Indictment on February 19, 2021. (Dkt. 15, 17.) Defendant was continued on release subject to the conditions previously ordered.

Since his release on November 23, 2020, Defendant has complied with all conditions of pretrial release and is participating in mental health counseling. Defendant provides financial support to his wife and children, and maintains a stable living situation. Further, Defendant has been present for all of his court appearances during his pretrial release.

REPORT AND RECOMMENDATION - 2

According to the Government, it has no objection to the Court finding exceptional reasons to continue Defendant's release. The Government advised that it is not aware of any facts suggesting Defendant poses an enhanced risk of flight or danger to the community at this time. The Pretrial Status Report indicates Defendant is in compliance with all conditions of release, and Pretrial Services has recommended that Defendant's conditions of pretrial supervision remain unchanged. (Dkt. 36.)

According to Defendant's proffer, Defendant's performance on pretrial supervision demonstrates that he is exceptionally unlikely to feel or pose a danger to the community. In particular, Defendant notes that he has maintained a stable living situation, provides support to his wife and children, and is participating in mental health counseling. Additionally, Defendant states that his medical issues, obesity and epilepsy, place him at high risk of serious illness were he to contract COVID-19 while in custody.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Brian Robert Harris' plea of guilty to Count Two of the Indictment (Dkt. 15).

2) The District Court order forfeiture consistent with Defendant Brian Robert Harris' admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 15) and the Plea Agreement (Dkt. 35).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count One and Count Three of the Indictment (Dkt. 15) as to Defendant.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 10.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: September 16, 2021

_____
CANDY WAGAHOFF DALE
CHIEF U.S. MAGISTRATE JUDGE