UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ROBERT HARRIS,<br><br>Defendant. | Case No. 1:21-cr-00024-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Brian Robert Harris's Motion to Clarify Conditions of Supervision (Dkt. 56). For the reasons explained below, the Court will partly grant the motion, to the extent that it will construe the motion as one to modify (rather than clarify) the conditions of supervision. Having so construed the motion, the Court will conduct a hearing to determine whether a modification is appropriate.

# DISCUSSION

Mr. Harris is serving a five-year sentence for attempting to meet and have sex with a police officer posing as a 15-year-old child. His expected release date is August 9, 2025. Upon release, he plans to live with his wife and children. The government agrees that, based on the current record, Mr. Harris should be allowed

to do that. But the conditions of supervision, imposed at sentencing, prohibit Harris from doing so. The relevant term states:

> The defendant shall not knowingly have unsupervised contact with children under the age of eighteen without the written approval of his probation officer, and only in the company of an adult approved by the probation officer and treatment provider who is trained to serve as a chaperone for sexual offenders.

*Judgment,* Dkt. 47, at 5. Defendant didn't object to this term of supervision at sentencing, nor did he say that he had any questions about them when asked. But he says he was later surprised to learn that the United States Probation Office intends to prohibit him from living with his family when he is released. He unsuccessfully attempted to resolve the issue with the Probation Office, including by having his counsel share the Ninth Circuit's decision in *United States v. Wolf Child*, 699 F.3d 1082 (9th Cir. 2012) with the Probation Office. Under *Wolf Child,* if a condition of supervised release "targets a defendant's right to associate with an intimate family member," the sentencing court "must undertake an individualized review on the record of the relationship between the defendant and the family member at issue to determine whether the restriction is necessary to accomplish the goals of deterrence, protection of the public, or rehabilitation." *Wolf Child*, 699 F.3d at 1090 (quoting *United States v. Napulou*, 593 F.3d 1041, 1047 (9th Cir. 2010)). No such individualized review was undertaken at sentencing in this case. Further, as noted above, based on the current record, the government agrees that

MEMORANDUM DECISION AND ORDER - 2

Mr. Harris should be allowed to live with his family upon his release. Still, though, the government suggests that a hearing would be prudent.

As a threshold procedural matter, the Court agrees with the government's contention that defendant is seeking a modification rather than a clarification. The challenged term, quoted above, plainly prohibits Mr. Harris from having unsupervised contact with minors, which would prohibit him from living with his children. Thus, defendant seeks to modify that term. Given that, the Court will conduct a hearing, which is contemplated under Federal Rule of Criminal Procure 32.1(c). With certain exceptions, Rule 32.1(c) provides as follows: "Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." In this case, for the reasons stated in the government's response brief, the Court finds that a hearing would be the best way to resolve this issue.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Clarify Conditions of Supervision (Dkt. 56) **PARTLY GRANTED** in that the Court will schedule a hearing to determine whether modification of the challenged term of supervision is appropriate. That hearing will be scheduled by separate order.

DATED: February 3, 2024

_____
B. Lynn Winmill
U.S. District Court Judge